UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| ALVIN STALLING | CIVIL ACTION NO. 04-2536 |
| VS. | SECTION P |
| OTIS KENT ANDREWS, ET AL. | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* by *pro se* plaintiff Alvin Stalling on December 15, 2004. At the time he filed his complaint, plaintiff was incarcerated at Dixon Correctional Center (DCC), Jackson, Louisiana. However, in his complaint, the plaintiff complains of incidents that occurred during his incarceration at Allen Correctional Center, Kinder, Louisiana. On May 5, 2005, plaintiff provided a residential address (indicating his release from the physical custody of the Department of Corrections) in Hammond, Louisiana. Plaintiff names ACC Warden O. Kent Andrews, ACC Chaplain Tom Fewell, ACC Classification/Program Supervisor Carleen Vidrine, and ACC Assistant Warden of Programs Joe Evans, as defendants herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff claims that the defendants interfered with his ability to worship and discriminated against his religious denomination. More specifically, plaintiff, a member of the Church of God in Christ, alleges that defendant Fewell prohibited Church of God members from electing an inmate spiritual leader. Plaintiff claims that the other named defendants are equally

responsible for this violation of his civil rights as they ignored the situation. Further, plaintiff claims that Church of God members have been limited to only one service per month, whereas in the past they held weekly services. Plaintiff also alleges that his transfer to Dixon Correctional Center was done as an act of retaliation against plaintiff. As a result of the above, plaintiff seeks to be returned to ACC for the duration of his sentence, the restoration of his original discharge date, and to allow plaintiff to establish the Church of God in Christ at ACC.

## LAW AND ANALYSIS

Plaintiff's seeks only injunctive relief. The transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot. *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (*per curiam*) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir.1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief); *Holland v. Purdy*, 457 F.2d 802 (5th Cir.1972)(plaintiff's claim against sheriff for injunctive relief because of refusal to permit him to see a notary public and send out legal documents became moot when plaintiff sent to another institution). The information provided by plaintiff, along with a telephone call to the Inmate Locator Service of the Louisiana Department of Public Safety and Corrections, confirms that plaintiff was released from the physical custody of the LDOC on April 23, 2005. Accordingly, the claims presented by the plaintiff in his civil rights action are moot.

Accordingly,

**IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE as**

**moot**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 27th day of June, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE